UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAWRENCE FAUNTLEROY,

                      Plaintiff,

-against-

NYC TWO DETECTIVES; PRECINCT RIKERS ISLAND; STATE OF NEW YORK,

                      Defendants.

20-CV-6419 (LLS)

ORDER TO AMEND

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently incarcerated at Dekalb County Jail, in Decatur, Georgia, brings this *pro se* action, alleging that Defendants falsely arrested him on his 18th birthday, the date of which he does not specify, in New York City's Central Park.[1] By order dated March 5, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Plaintiff initiated this action in the Northern District of Georgia, and that court transferred the action here. *See Fauntleroy v. NYC Two Detectives*, No. 20-CV-3063 (N.D. Ga. Aug. 13, 2020).

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against two John Doe detectives who he alleges falsely arrested him on his 18th birthday. Plaintiff also alleges that following his arrest, the detectives

sent him to Rikers Island, where he stayed until the following morning when he was released from custody, without any charges being filed against him. In addition to the detectives, Plaintiff also names the State of New York and a Rikers Island precinct.

Plaintiff seeks the name of the officers so he may bring a lawsuit against them for false arrest and false imprisonment.

## DISCUSSION

**A.      John Doe NYPD Detectives**

Because Plaintiff brings claims of false arrest and false imprisonment against two detectives, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The statute of limitations for claims brought under 42 U.S.C. § 1983 is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Claims under § 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Although a plaintiff is not required to plead that claims are timely, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007), dismissal is appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds).

Here, Plaintiff does not allege when he was arrested, besides noting that the arrest occurred on his 18th birthday. But without this date, or even the year in which these events

occurred, it is impossible to know whether Plaintiff's claims are timely. Without knowing whether the claims are timely, the Court cannot consider whether Plaintiff is entitled to relief.

The Court therefore grants Plaintiff leave to file an amended complaint to plead facts in support of his false arrest and false imprisonment claims.[3]

**B.  Rikers Island Precinct**

Rikers Island is not a "person" within the meaning of § 1983. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, ECF 1:97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983). Therefore, Plaintiff's claims against "Rikers Island Precinct" are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.  State of New York**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

---

[3] If Plaintiff determines that his claims are untimely, but he still wishes to pursue this action, he may request that the doctrine of equitable tolling be applied. When a plaintiff asks that the statute of limitations be tolled for equitable reasons, the plaintiff "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). New York law also establishes by statute circumstances in which the limitations period may be tolled. *See, e.g.*, N.Y. C.P .L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity).

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant.[4] If Plaintiff has an address for any named defendant, Plaintiff must provide it.

Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a) the names and titles of all relevant people;

   b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

   c) a description of the injuries Plaintiff suffered; and

   d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[4] If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-6419 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses all claims brought against the State of New York, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and Rikers Island Precinct, *see id.* § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   March 9, 2021
         New York, New York

                                                   _____
                                                         Louis L. Stanton
                                                            U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

### I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

### II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name            Middle Initial            Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                          State                          Zip Code

### III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.  RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____                 _____
Dated                                          Plaintiff's Signature

_____                 _____
First Name          Middle Initial             Last Name

_____
Prison Address

_____                 _____
County, City                  State            Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____